UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ELADIO CABALLERO SANCHEZ ]
    Petitioner, ]
     ]
v. ] No. 3:08-0174
     ] Judge Trauger
JOE EASTERLING ]
    Respondent. ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Complex in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Joe Easterling, Warden of the facility, seeking a writ of habeas corpus.

In January, 2005, a jury in Sumner County found the petitioner guilty of conspiring to possess marijuana with the intent to sell or deliver. For this crime, he received a sentence of twenty (20) years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction (Docket Entry No. 15-1; Appendix A). The Tennessee Supreme Court later denied petitioner's application for further direct review of the conviction.

The petitioner chose not to seek additional post-conviction review in the state courts. Rather, on December 14, 2007, he filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petitioner's claims, as set forth in his Memorandum of Law (Docket Entry No. 2) in support of the petition, include:

    (1)    there was no evidence offered in support of the accomplice

1

testimony, rendering the evidence insufficient as a matter of Tennessee law;

(2) the trial judge erred when he allowed evidence of prior bad acts (petitioner's alleged involvement in an earlier drug deal);

(3) error occurred when a police detective (Greg Bunch) was allowed to give opinion testimony about where the marijuana was grown;

(4) the trial judge erred when he allowed the admission of a map and testimony regarding the petitioner's ownership of a ranch in Mexico; and

(5) error occurred when the trial judge allowed the introduction of a document (a slip of paper with a telephone number on it) that had not been made available to the defense prior to trial.

Upon its receipt, the Court reviewed the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 8) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 14), to which the petitioner has offered no opposition. Having carefully considered the petition, respondent's Motion to Dismiss the petition and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen

v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[1]

Each of the petitioner's claims was raised during the direct appeal of his conviction. Docket Entry No. 15-1; Appendix A. However, the claims were raised as issues arising under state rather than federal law. Docket Entry No. 15-1; Appendix B. To fairly present a claim to the state courts for exhaustion, the claim must be framed as an issue arising under federal law. A difference in legal theory between that urged in the state courts and in a petition for federal habeas corpus relief will preclude a finding of exhaustion. Anderson v. Harless, 103 S.Ct. 276, 277 (1982); Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). In his state appellate brief, the petitioner did make a passing reference to the Sixth Amendment. Docket Entry No. 15-1; Appendix B at pg. 73. He also mentioned his right to due process and a fair trial. However, these generalized references are insufficient to transform petitioner's issues into federal claims. Blackmon v. Broker, 394 F.3d 399, 400 (6th Cir. 2004). As a consequence, the state courts have not yet had an opportunity to consider the petitioner's federal claims.

---

[1] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

3

Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review). Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

In this instance, the petitioner has procedurally defaulted the state court remedies for the federal claims in his petition. The petitioner has pled neither cause nor prejudice to explain why these federal claims were not fairly presented to every level of the state court system for consideration. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546 (1991); Murray v. Carrier, 106 S.Ct. 2639, 2649-50 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, supra. Here, the petitioner has offered nothing to place his guilt in doubt. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims that were never fairly presented to the state courts.

In the absence of an actionable claim, the Court finds merit in respondent's Motion to
4

Case 3:08-cv-00174   Document 17   Filed 05/12/08   Page 4 of 5 PageID #: 158

Dismiss. Accordingly, said motion shall be granted and this action will be dismissed.

    An appropriate order will be entered.

                                                  _____
                                                  Aleta A. Trauger
                                                  United States District Judge